267 P.2d 895

SOLANA LAND CO.
v.
NATIONAL REALTY CO.

KIVEL et al.
v.
SOLANA LAND CO. et al.
No. 5729.

Supreme Court of Arizona.
March 8, 1954.

John M. Schwartz, Tucson, for Solana Land Co.

Conner & Jones, Tucson, for Simon Kivel, et ux. and Joseph K. Kivel, et ux.

UDALL, Justice.

Appellants' Simon Kivel, et ux. and Joseph Kivel, et ux. motion for rehearing is granted to correct an inadvertent error in the statement of facts appearing in the body of the original opinion. Therein we erroneously stated that Kivels' written offer of $140,000, dated April 20, 1951, had been transmitted to Mrs. Schwerin who found it unacceptable and sent it to attorney Chambers with a letter to that effect; and we further stated that Chambers returned the written offer to Drachman with an accompanying letter stating the reasons Kivels' offer was not accepted. Actually, the evidence does not disclose that Kivels' written offer was ever transmitted by Drachman to Solana Land Company, but rather the written offer of National Realty Company, made the morning of Saturday, April 21, 1951, was made known to Mrs. Schwerin who found it unacceptable and wrote Mr. Chambers to this effect. Chambers' letter to Drachman on Wednesday, April 25th, is actually a refusal of the National offer and not Kivels' offer. The body of the letter is here set out in full:

"Dear Mr. Drachman:

"To quote from the letter of April 24 received from Mrs. A. R. Schwerin today:

"'The sales agreement, in triplicate, is returned herewith unsigned. It is not in accordance with the conversation with Mr. Roy Drachman. He said that Simon Kivel was the buyer at a price of $140,000 cash and that he would make payment *immediately* upon receipt of the title papers.

"'In the sales agreement submitted, he reserves the right to withhold payment for 15 days, which is not in accordance with the oral agreement. He also has a clause to the effect that the agent can deduct customary sales expenses. No sales expenses will be allowed.

"'He also has a clause to the effect that, in the event of forfeiture of the earnest money, "the agent shall be entitled to receive or retain for service 50%" of the earnest money. This will not be agreed to.' * * *.

"(Signed)   Richard H. Chambers"

While we regret the error we do not see that this changes the result heretofore reached. Still assuming that there had been a meeting of the minds of Solana and

Kivels, and that a contract had been formed, we have without the aid of this erroneous statement spelled out in the original opinion mutual rescission thereof from the conduct of the parties. Perhaps certain portions of the evidence will allow a contrary interpretation but it is not our province to retry the facts, and we believe the facts taken in the light most favorable to appellee Solana justify affirming the judgment.

With this correction the original opinion is reaffirmed.

PHELPS, C. J., and STANFORD, LA PRADE and WINDES, JJ., concur.